James Wayne Roper and Ila Maxine Roper appeal from a summary judgment in favor of Associates Financial Services Company of Alabama, Inc. ("Associates").
On May 7, 1975, the Ropers executed an agreement with Associates entitled "Open End Credit Plan — Revolving Loan Agreement," which provided the Ropers with $3,000 of credit payable in 60 months at an 18% annual percentage rate. The loan agreement obligated Associates to advance money in amounts of at least $100 from time to time at the Ropers' request, provided that the advance would not cause the aggregate total unpaid principal balance to exceed the amount of credit. The Ropers secured the loan by a mortgage on their home. On July 13, 1977, the loan agreement was amended to increase the maximum amount of credit to $6,500. On four occasions — in 1979, 1980, 1982, and 1983 — the Ropers entered into loan agreements with Associates, refinancing the original $6,500 loan. Under the 1983 loan agreement, Associates loaned the Ropers $14,250.21 payable over a period of 10 years. This loan agreement, signed by the Ropers, contained a "call provision," giving Associates the option to call the note due and payable three years after the date on which the loan was entered into and thereafter annually on each anniversary date of the loan.
On April 18, 1984, the Ropers filed a complaint against Associates, alleging that Associates had charged a usurious rate of interest in the 1975 loan in violation of the Mini-Code and that it had fraudulently induced them to enter into the 1983 loan. Specifically, the Ropers raised two arguments for our consideration on appeal. First, they argue that the 1975 loan was not a bona fide open-end loan, but instead a closed-end loan with a maximum allowable interest rate of 8%, § 5-19-3(a), Code 1975, and that, therefore, the 18% rate charged by Associates was usurious, rendering the 1975 loan and all four subsequent loans void. Second, they contend that Associates defrauded them by misrepresenting the 1983 loan as a 10-year loan and by concealing the call provision. The trial court granted Associates' motion for summary judgment, and the Ropers appeal.
Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), Ala.R.Civ.P. All reasonable doubts concerning the existence of a genuine issue of fact must be resolved against the moving party. Fountain *Page 208 v. Phillips, 404 So.2d 614 (Ala. 1981); Autrey v. Blue Cross Blue Shield of Alabama, 481 So.2d 345 (Ala. 1985).
As to the Ropers' usury claim, we affirm under the authority of Smith v. Citicorp Person-to-Person Financial Centers, Inc.,477 So.2d 308 (Ala. 1985), which is closely analogous to the instant case. Section 5-19-3(c), Code 1975, permits a lender under an open-end credit plan to charge 1 1/2% per month or, in other words, 18% per annum, on the unpaid balance outstanding from time to time. Section 5-19-1(5), defines an open-end credit plan as "a plan prescribing the terms of credit transactions which may be made thereunder from time to time and under the terms of which a finance charge may be charged from time to time on an outstanding unpaid balance." In Smith, we examined the four corners of a loan agreement, that the borrower, Smith, had challenged as a fraudulently induced agreement and one unenforceable due to an allegedly usurious interest rate, and concluded that it was "an open-end loan on its face," and, therefore, that there was no genuine issue of material fact for trial. Moreover, because Smith failed to adduce sufficient evidence of fraud, we refused to bring the loan transaction within the fraud exception to the parol evidence rule. Id. at 310-12. See Rule 56(e), A.R.Civ.P. In the instant case, the loan agreement is also a prima facie open-end credit plan. In compliance with § 5-19-1, the loan agreement clearly prescribed the terms of future advances and provided for a finance charge to be computed on the outstanding unpaid balance. Therefore, "we find that there is no material issue of fact created by the clear terms of the contract as to the nature of the loan." Id. at 311.
We also note that the evidence produced by the Ropers, which contradicts the express terms of the loan agreement, is inadmissible. In their affidavit, the Ropers stated:
 "No one ever said anything about 'open-end' credit or revolving credit or credit line or open-end credit plan. We never had anything except a single loan."
The parol evidence rule bars the admission of this evidence,Smith at 311, and inadmissible evidence cannot serve as a basis for creating a jury question. Rule 56(e), A.R. Civ.P.
As to the misrepresentation claim, we affirm under the authority of Syx v. Midfield Volkswagen, Inc., 518 So.2d 94
(Ala. 1987), and First National Bank of Mobile v. Horner,494 So.2d 419 (Ala. 1986). If the circumstances are such that a reasonably prudent person who exercised ordinary care would have discovered the facts, the Ropers should not be entitled to prevail on their fraud claim. Horner, supra; Syx, supra. To support their fraud claim, the Ropers rely on their affidavit, which in pertinent part states:
 "[I]n 1983, Associates made another loan, got paid $11,000 back from us, paying off all those loans and got us to sign what they said was a 10-year loan. They never said anything to us about the fact that they could make us pay off the loan in three years. It was supposed to be a 10-year loan, and we never heard or read anything about any right by Associates to call the loan in. We always have signed the different documents after Associates represented to us what the loan was, that they didn't read to us or let us read. They would always say that this was what the loan was and what we told you and would get us to sign or initial things, but they never said anything about 36 months or 3 years. No one has ever told us we just had a three-year loan instead of a 10-year loan and all of these loans commenced with that 1975 loan."
However, the "Call Option Disclosure Statement," which both Ropers signed, unambiguously disclosed Associates' right to call the note due and payable before the expiration of the note's 10-year term. The record does not contain any evidence indicating that the Ropers were incapable, mentally or physically, of examining the loan document or inquiring as to the terms of the loan before signing. Under these circumstances, we hold that a reasonably prudent person exercising ordinary care would have discovered the call provision *Page 209 
and, therefore, that the Ropers' reliance on Associates' alleged misrepresentation was not reasonable.
Last, we find no merit in the Ropers' claim that Associates fraudulently concealed the call provision in the 1983 loan. A suppression of a material fact is one of the requisite elements of a cause of action for fraudulent concealment. Code 1975, § 6-5-102; Wilson v. Brown, 496 So.2d 756 (Ala. 1986). In view of the fact that the Ropers signed the "Call Option Disclosure Statement," we conclude that Associates did not suppress a material fact.
For the foregoing reasons, the summary judgment for Associates is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES, ALMON, SHORES, BEATTY, ADAMS and STEAGALL, JJ., concur.