Joyce Hardy sued Blue Cross and Blue Shield of Alabama ("Blue Cross"), alleging breach of contract, bad faith, and fraudulent suppression. The trial court entered a summary judgment for Blue Cross on the fraudulent suppression claim and directed a verdict on the bad faith claim. The breach of contract claim was submitted to the jury, and it returned a verdict for Blue Cross. Hardy appeals neither as to the breach of contract claim nor as to the bad faith claim. She appeals only from the summary judgment entered against her on her fraudulent suppression claim. We affirm.
While employed with the Etowah County constable's office, Hardy was enrolled in a major medical benefit plan with Blue Cross, contract number 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. On June 5, 1987, Hardy underwent laser surgery for treatment for a condyloma.1 On June 22, 1987, Hardy became employed by the Etowah County circuit clerk's office. Upon her employment with the circuit clerk's office, Hardy became enrolled in another plan, under contract number 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, in group 13000; that plan was administered by Blue Cross for the State Employees Insurance Board. On August 21, 1987, Hardy had a recurrence of her condyloma and again underwent laser surgery.
Hardy filed a claim with Blue Cross for the expenses she incurred, but Blue Cross denied her claim. Under the medical plan administered by Blue Cross, preexisting conditions were not covered for the first 270 days of coverage. In this case, the second laser surgery for Hardy's condyloma was performed 60 days after her coverage became effective. Blue Cross denied her claim because Hardy's condyloma was a preexisting condition and the 270-day waiting period had not run.
Hardy argues that the trial court never ruled on the summary judgment motions for either party and that Blue Cross moved for a directed verdict at the beginning of trial. The record does not support this contention. Blue Cross filed a motion for summary judgment on October 4, 1990, and Hardy filed a cross-motion for summary judgment on October 16, 1990. The motions were argued on October 18, 1990, before the commencement of the trial; the trial court struck Hardy's affidavit because she had failed to comply with A.R.Civ.P. 56(e) and it entered a summary judgment in favor of Blue Cross on the fraudulent suppression claim. The following occurred:
 "THE COURT: I am going to grant [Blue Cross's] motion to strike [Hardy's] affidavit.
 "MR. MOORE [plaintiff's attorney]: Judge, we are going to except to that action taken by the Court. . . ." *Page 31 
 "THE COURT: I am going to deny [Blue Cross's] motion on the contract claim for directed verdict.
 "I'm going to deny Plaintiff's — you have a written motion for summary judgment[?]
"MR. MOORE: Yes sir, I do. . . .
 "THE COURT: All right. I am going to deny the Plaintiff's motion for summary judgment in its entirety.
 "I'm going to take under advisement, at this time, the portion of the Defendant's motion for summary judgment, which is directed to the bad faith claim.
". . . .
". . . [W]e will proceed."
 "Is there anything further on the motions before we proceed to trial . . .?
 "MR. RICHARDSON [defendant's attorney]: Yes, Your Honor, we have a few other motions.
 "I have a motion in limine that I would like to file with the Court. . . .
 "Essentially, this motion is just directed to Ms. Hardy's previous coverage under the county health plan.
 "We do not believe that that issue, the fact that she had previous coverage under a plan that was administered by Blue Cross, has any relevance to any issue in this case.
". . . .
 "We don't believe that Mr. Moore should be permitted to bring up that fact and argue that fact to the jury. [That is, that] she had coverage with Blue Cross before she changed jobs. We don't believe that is relevant to anything in this case.
 "And we would move to exclude any mention of that in front of the jury.
"THE COURT: What says the Plaintiff?
 "MR. MOORE: Judge, we consider that [evidence] highly relevant.
 "First of all, very relevant to our claim of suppression of material facts, which we've alleged in the [complaint].
"THE COURT: What count is that contained in?
"MR. MOORE: That's —
 "MR. RICHARDSON: Your Honor, if it's not in our [summary judgment] motion, we would move for summary judgment on that claim. We believe [the Plaintiff] fails to state a claim upon which would lead to [sic] —
"MR. MOORE: Judge, that's their motion.
 "It surely states a complaint from which relief could be granted. And the facts are obvious.
"And it's for . . . Count 2.
 "THE COURT: Count 2. Does Count 2 deal solely with that basis of recovery?
"MR. MOORE: Yes sir, that they had a duty.
 "And all these are questions for a jury to —
"THE COURT: Duty to —
 "MR. MOORE: And a special relationship exists between the parties. . . .
 "THE COURT: All right. The Court is going to grant the Defendant's motion for summary judgment as to Count 2 of the Plaintiff's [complaint], which this Court had previously . . . done without naming the count.
 "And the Court, of course, notes the Plaintiff's exception to that ruling. But the ruling having been made, do you have any justification outside of Count 2 for opposing this motion in limine?"
Based upon the foregoing, we review the summary judgment under A.R.Civ.P. 56.
Rule 56 sets forth a two-tiered standard for entering summary judgment. The rule requires the trial court to determine (1) that there is no genuine issue of material fact; and (2) that the moving party is entitled to a judgment as a matter of law.
The standard of review applicable to a summary judgment is the same as the standard for granting the motion, that is, we must determine whether there was a genuine issue of material fact and, if not, whether the movant was entitled to a judgment as a matter of law. Our review is further subject to the caveat that this Court must review the record in the light most favorable to the nonmovant and resolve all reasonable doubts against the *Page 32 
movant. Wilson v. Brown, 496 So.2d 756, 758 (Ala. 1986);Harrell v. Reynolds Metals Co., 495 So.2d 1381 (Ala. 1986); see also Hanners v. Balfour Guthrie, Inc., 564 So.2d 412 (Ala. 1990).
Because this action was filed after June 11, 1987, Ala. Code 1975, § 12-21-12, mandates that, once the movant makes his prima facie showing, the nonmovant meet his burden by "substantial evidence." Bass v. SouthTrust Bank of BaldwinCounty, 538 So.2d 794, 797-98 (Ala. 1989). Under the substantial evidence test, the nonmovant must present "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. FoundersLife Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989) (citing Rowden v. Tomlinson, 538 So.2d 15, 19 (Ala. 1988) (Jones, J., concurring)). More simply stated, "[a]n issue is genuine if reasonable persons could disagree." W. Schwarzer,Summary Judgment Under the Federal Rules: Defining GenuineIssues of Material Fact, 99 F.R.D. 465, 481 (1982).
To make out a prima facie case of fraudulent suppression, Hardy must show: (1) that Blue Cross had a duty to disclose; (2) that Blue Cross suppressed an existing, material fact; (3) that Blue Cross had actual knowledge of the fact and its materiality; (4) that her lack of knowledge induced her to act; and (5) that she suffered actual damage as a proximate result. See, e.g., Cherokee Farms, Inc. v. Firemen's Fund Ins. Co.,526 So.2d 871 (Ala. 1988); Wilson v. Brown, 496 So.2d 756 (Ala. 1986); Harrell v. Dodson, 398 So.2d 272 (Ala. 1981).
This Court has often ruled that mere silence does not constitute fraud and that there is no duty to disclose facts when information is not requested. King v. National FoundationLife Ins. Co., 541 So.2d 502 (Ala. 1989); Wilson, supra; Keelerv. Chastang, 472 So.2d 1031 (Ala. 1985); Ray v. Montgomery,399 So.2d 230 (Ala. 1980). A duty to disclose may arise from a confidential relationship between the parties, or from the particular circumstances of the case. Ala. Code 1975, §6-5-102; King, supra; McCausland v. Tide-Mayflower Moving Storage, 499 So.2d 1378 (Ala. 1986); Berkel Co. ContractorsInc. v. Providence Hosp., 454 So.2d 496 (Ala. 1984); Holdbrooksv. Central Bank, 435 So.2d 1250 (Ala. 1983).
Hardy contends that she made a prima facie showing on her fraudulent suppression claim. Hardy claims that Blue Cross owed her a duty to disclose material facts not known to her and that Blue Cross breached her confidence and trust in Blue Cross. She contends that Blue Cross induced her to enter into a new contract by failing to inform her that if she had a recurrence of her condyloma any expense incurred in treating the recurrence would be excluded under the new contract. Hardy claims that because of Blue Cross's failure to inform her, she failed to purchase a conversion contract under her former insurance agreement and thus suffered injury or loss.
Notwithstanding her claims, Hardy presented no evidence suggesting that Blue Cross had a duty to disclose information. There was no evidence of a confidential relationship, and there were no special circumstances giving rise to a duty. Hardy did not request any information from Blue Cross about her coverage before enrolling in the group 13000 plan. No evidence was presented suggesting that she discussed her old and new coverages with Blue Cross or the possibility that Blue Cross would not pay any medical claims connected with a recurrence of her vaginal warts.
The evidence does show that when Hardy enrolled in the group 13000 plan she was given an employee booklet, which contained the following:
 "Waiting Periods" There is a 270-day waiting period before benefits are available for cases involving tonsils and adenoids, and preexisting conditions. Pre-existing conditions are any condition, including pregnancy, disease or ailment existing on the date your coverage starts under the program, or for which advice or treatment *Page 33 
has been received during the period of one year before this date.
 "Transfers from any other health insurance plan (including those of the Plan Administrator [Blue Cross and Blue Shield of Alabama]) will be required to serve the 270-day waiting period."
(Emphasis added.)
Based upon the record before this Court, we conclude that Hardy failed to rebut the defendant's prima facie showing by presenting substantial evidence of fraudulent suppression. Consequently, we affirm the summary judgment.
AFFIRMED.
ALMON, ADAMS, STEAGALL and INGRAM, JJ., concur.
1 Condyloma is defined as: "Verruca Mollusciformis; a wartlike excrescence at the anus or vulva, or on the glans penis." Stedman's Medical Dictionary 340 (25th ed. 1990).