697 So.2d 461 (1997)
Lorena ROBINSON
v.
JMIC LIFE INSURANCE COMPANY, et al.
1951153.
Supreme Court of Alabama.
March 21, 1997.
C.S. Chiepalich and John Spencer of C.S. Chiepalich, P.C., Mobile, for appellant.
Michael S. McGlothren and Steve Olen of Olen & McGlothren, P.C., Mobile, for JMIC Life Ins. Co.
John D. Richardson and James Lynn Perry of Richardson, Daniell, Spear & Upton, Mobile, for Gulf Coast Motor Sales, Inc., d/b/a Palmer's Airport Toyota, Inc., and Don Merritt.
KENNEDY, Justice.
The plaintiff, Lorena Robinson, appeals from summary judgments in favor of the defendants, JMIC Life Insurance Company ("JMIC"), Gulf Coast Motor Sales, Inc., d/b/a Palmer's Airport Toyota, Inc. ("Palmer's"); and Don Merritt, on her claims alleging fraud, misrepresentation, deceit, and fraudulent suppression. We affirm in part, reverse in part, and remand.
The defendants sought summary judgments on Robinson's fraudulent suppression claim. That claim related to her securing a loan to finance the purchase of an automobile from Palmer's and her purchase of credit life insurance through Palmer's credit manager, Merritt. Robinson says that when Merritt asked her to execute documents in relation to the transaction, he should have disclosed to her that she was purchasing the credit life insurance.
At the outset, we note that the trial court's judgments adjudicated all of Robinson's claims. This was error, because the defendants had sought summary judgments only as to the fraudulent suppression claim. See Parr v. Goodyear Tire & Rubber Co., 641 So.2d 769, 772 (Ala.1994); Henson v. Mobile Infirmary Ass'n, 646 So.2d 559, 562 (Ala.1994); Sexton v. St. Clair Federal Sav. Bank, 653 So.2d 959, 962 (Ala.1995); Bibbs v. MedCenter Inns of Alabama, Inc., 669 So.2d 143, 144 (Ala.1995). Accordingly, as to Robinson's other claims, we reverse and remand. *462 As to the fraudulent suppression claim, we affirm.
As indicated, the crux of Robinson's fraudulent suppression claim is the contention that by his silence Merritt fraudulently suppressed the fact that Robinson was buying credit life insurance. In Henson v. Celtic Life Ins. Co., 621 So.2d 1268, 1273-74 (Ala. 1993), the plaintiff claimed suppression of a material term in an insurance contract, by silence on the defendant's part; however, the plaintiff had executed an application that repeatedly referred to the matter alleged to have been suppressed. This Court held, therefore, that the plaintiff was "reasonably put ... on notice" as to the term and its importance. Here, although Robinson, a high school graduate, contends that she has poor reading skills, she concedes that she was capable of recognizing words like "credit life" and "insurance." These terms figure prominently and appear repeatedly in the documents she signed, but did not examine.
On one document, for example, Robinson signed directly by a box containing the following disclosures: "Credit Life $235.24." Another form signed by Robinson and related to her purchase of credit life insurance is entitled "Schedule of Insurance"; it refers to "insurance" or "life insurance" no fewer than 14 times. Certainly, given Robinson's ability to read and understand these key terms, and her decision not to examine the documents in issue before she signed them, we conclude that she cannot now complain that she was ignorant of the fact that she was purchasing credit life insurance.
Based on the undisputed facts, we affirm the defendants' summary judgments as they relate to the fraudulent suppression claim. As to Robinson's other claims, we reverse the summary judgments and remand the case.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
SHORES, HOUSTON, and COOK, JJ., concur.
ALMON, J., concurs in the result.
HOOPER, C.J., and MADDOX and SEE, JJ., concur in part and dissent in part.
MADDOX, Justice (concurring in part and dissenting in part).
The learned trial judge entered the following order:
"ORDER
"This cause is before this Honorable Court on the Motions for Summary Judgment filed by the Defendants, JMIC Life Insurance Company and Gulf Coast Motor Sales, Inc. d/b/a Palmer's Airport Toyota, Inc. For the reasons set forth below, the Court determines that there are no genuine issues of material fact and that the Defendants are entitled to judgments as a matter of law.
"I. FACTS
"This Honorable Court makes the following findings of fact[1]:
"1. In May of 1994, the Plaintiff purchased a vehicle from the Defendant, Palmer's Airport Toyota, Inc. The Plaintiff dealt only with personnel from Palmer's Airport Toyota, and had no direct dealings with anyone from JMIC Life Insurance Company. The Plaintiff claims that when she purchased her vehicle, she was sold a policy of credit life insurance (Certificate No. 1124239) without her knowledge or consent.
"2. The Plaintiff has been gainfully employed most of her life and is a high school graduate. The Plaintiff testified that she would be able to recognize words such as `credit life' and `insurance,' and thus would know when she received documents relating to credit life and insurance.
"3. The Plaintiff acknowledged signing and receiving numerous documents that put her on notice that she had purchased credit life insurance. The Plaintiff acknowledged that at the time of purchase she signed an Installment Sales Contract *463 that included a specific block where she acknowledged wanting to purchase and purchasing credit life insurance.
"4. The Plaintiff also acknowledged that she received the actual policy of insurance from JMIC Life Insurance Company, and the document identified itself as being a `Schedule of Insurance,' and the Plaintiff signed this document as well.
"5. At the time of the Plaintiff's deposition, the Plaintiff produced through her attorneys numerous documents that included the Installment Sales Contract and the JMIC Schedule of Insurance. These documents had been in the possession of the Plaintiff from at the time of sale or shortly thereafter until the date that she gave the documents to her lawyers.
"6. The Plaintiff did not actively seek to retain counsel. Instead, the Plaintiff was contacted by the offices of C.S. Chiepalich. Prior to being contacted by Mr. Chiepalich's office, the Plaintiff had no complaints against the Defendants, and did not seek legal action until after being contacted by Mr. Chiepalich's office.
"7. Factually, the Plaintiff received ample documentation putting her on notice that she had indeed purchased credit life insurance, and there was no suppression of the fact that the Plaintiff had purchased credit life insurance.
"II. CONCLUSIONS OF LAW
"1. Alabama has codified its cause of action for suppression. [Ala.Code 1975, § 6-5-102,] provides as follows:
"`Suppression of a material fact which the party is under an obligation to communicate constitutes fraud. The obligation to communicate may arise from the confidential relations of the parties or from the particular circumstances of the case.'
"Obviously, the very language of Alabama Code [1975,] § 6-5-102 requires that there be actual suppression. Where a party is provided with information, there can be no suppression.
"2. A number of Alabama cases have clearly set forth the rule that when a party receives documents which put it on notice of facts, the facts cannot have been suppressed. For example, an extremely informative case on this issue is the recent Alabama Supreme Court case of Henson v. Celtic Life Insurance Co., 621 So.2d 1268 (Ala.1993). In Henson, the Supreme Court made a number of important statements regarding what is necessary to maintain a viable suppression claim. In Henson, the plaintiff contended that it was suppressed from her that employment was a condition of insurance coverage. However, the Alabama Supreme Court held that where the application for insurance itself made numerous references to employment, then no action for suppression could lie. The Alabama Supreme Court held that the language contained in the application was controlling even though the plaintiff's policy of insurance did not contain language stating that the employment was a condition to coverage.
"By the same token, in Hardy v. Blue Cross & Blue Shield, 585 So.2d 29 (Ala. 1991), the Alabama Supreme Court affirmed a summary judgment on a suppression claim where the plaintiff received a handbook that provided the very information the plaintiff claimed had been suppressed. In Roper v. Associates Financial Services, 533 So.2d 206 (Ala.1988), the Supreme Court affirmed a summary judgment involving all species of fraud where the plaintiffs received a fairly sophisticated loan document which put them on notice of the very term of the contract about which they were alleging fraud.
"3. Given that the Plaintiff is a high school graduate, by her own admission would be capable of understanding words such as `credit life' and `insurance,' admits to signing and receiving multiple documents that told her unequivocally and unambiguously that she had purchased credit life insurance, under controlling Alabama law there can be no suppression. Alabama Code [1975,] § 6-5-102, Henson v. Celtic Life Insurance Co., 621 So.2d 1268 (Ala.1993), Hardy v. Blue Cross & Blue Shield, 585 So.2d 29 (Ala.1991), Roper v. Associates Financial Services, 533 So.2d 206 (Ala.1988)."
*464 I also note that on April 2, 1996, the trial judge entered an order denying the plaintiff's motion to clarify, stating that the court's previous orders entering summary judgments in favor of the defendants were clear and unambiguous. That April 2, 1996, order states as follows:
"So that it is absolutely clear to all parties, the Court reiterates that the Defendants' Motions for Summary Judgment are granted as to all counts and all theories of liability advanced by the Plaintiff."
The trial judge's statement of the material facts is supported by the record, and I agree completely with the judge's conclusions of law; consequently, I concur in the affirmance of the summary judgments as they relate to the fraudulent suppression claim. I must respectfully dissent, however, from the reversal of the summary judgments as they relate to the other claims alleged in the complaint.
HOOPER, C.J., and SEE, J., concur.
NOTES
[1] Although the trial judge stated that he was making "findings of fact," I note that all material facts in this case are undisputed.