The learned trial judge entered the following order:
"ORDER
 "This cause is before this Honorable Court on the Motions for Summary Judgment filed by the Defendants, JMIC Life Insurance Company and Gulf Coast Motor Sales, Inc. d/b/a Palmer's Airport Toyota, Inc. For the reasons set forth below, the Court determines that there are no genuine issues of material fact and that the Defendants are entitled to judgments as a matter of law.
"I. FACTS
 "This Honorable Court makes the following findings of fact[1]:
 "1. In May of 1994, the Plaintiff purchased a vehicle from the Defendant, Palmer's Airport Toyota, Inc. The Plaintiff dealt only with personnel from Palmer's Airport Toyota, and had no direct dealings with anyone from JMIC Life Insurance Company. The Plaintiff claims that when she purchased her vehicle, she was sold a policy of credit life insurance (Certificate No. 1124239) without her knowledge or consent.
 "2. The Plaintiff has been gainfully employed most of her life and is a high school graduate. The Plaintiff testified that she would be able to recognize words such as 'credit life' and 'insurance,' and thus would know when she received documents relating to credit life and insurance.
 "3. The Plaintiff acknowledged signing and receiving numerous documents that put her on notice that she had purchased credit life insurance. The Plaintiff acknowledged that at the time of purchase she signed an Installment Sales Contract *Page 463 
that included a specific block where she acknowledged wanting to purchase and purchasing credit life insurance.
 "4. The Plaintiff also acknowledged that she received the actual policy of insurance from JMIC Life Insurance Company, and the document identified itself as being a 'Schedule of Insurance,' and the Plaintiff signed this document as well.
 "5. At the time of the Plaintiff's deposition, the Plaintiff produced through her attorneys numerous documents that included the Installment Sales Contract and the JMIC Schedule of Insurance. These documents had been in the possession of the Plaintiff from at the time of sale or shortly thereafter until the date that she gave the documents to her lawyers.
 "6. The Plaintiff did not actively seek to retain counsel. Instead, the Plaintiff was contacted by the offices of C.S. Chiepalich. Prior to being contacted by Mr. Chiepalich's office, the Plaintiff had no complaints against the Defendants, and did not seek legal action until after being contacted by Mr. Chiepalich's office.
 "7. Factually, the Plaintiff received ample documentation putting her on notice that she had indeed purchased credit life insurance, and there was no suppression of the fact that the Plaintiff had purchased credit life insurance.
"II. CONCLUSIONS OF LAW
 "1. Alabama has codified its cause of action for suppression. [Ala. Code 1975, § 6-5-102,] provides as follows:
 " 'Suppression of a material fact which the party is under an obligation to communicate constitutes fraud. The obligation to communicate may arise from the confidential relations of the parties or from the particular circumstances of the case.'
 "Obviously, the very language of Alabama Code
[1975,] § 6-5-102 requires that there be actual suppression. Where a party is provided with information, there can be no suppression.
 "2. A number of Alabama cases have clearly set forth the rule that when a party receives documents which put it on notice of facts, the facts cannot have been suppressed. For example, an extremely informative case on this issue is the recent Alabama Supreme Court case of Henson v. Celtic Life Insurance Co., 621 So.2d 1268 (Ala. 1993). In Henson, the Supreme Court made a number of important statements regarding what is necessary to maintain a viable suppression claim. In Henson, the plaintiff contended that it was suppressed from her that employment was a condition of insurance coverage. However, the Alabama Supreme Court held that where the application for insurance itself made numerous references to employment, then no action for suppression could lie. The Alabama Supreme Court held that the language contained in the application was controlling even though the plaintiff's policy of insurance did not contain language stating that the employment was a condition to coverage.
 "By the same token, in Hardy v. Blue Cross Blue Shield, 585 So.2d 29 (Ala. 1991), the Alabama Supreme Court affirmed a summary judgment on a suppression claim where the plaintiff received a handbook that provided the very information the plaintiff claimed had been suppressed. In Roper v. Associates Financial Services, 533 So.2d 206 (Ala. 1988), the Supreme Court affirmed a summary judgment involving all species of fraud where the plaintiffs received a fairly sophisticated loan document which put them on notice of the very term of the contract about which they were alleging fraud.
 "3. Given that the Plaintiff is a high school graduate, by her own admission would be capable of understanding words such as 'credit life' and 'insurance,' admits to signing and receiving multiple documents that told her unequivocally and unambiguously that she had purchased credit life insurance, under controlling Alabama law there can be no suppression. Alabama Code [1975,] § 6-5-102, Henson v. Celtic Life Insurance Co., 621 So.2d 1268
(Ala. 1993), Hardy v. Blue Cross Blue Shield, 585 So.2d 29 (Ala. 1991), Roper v. Associates Financial Services, 533 So.2d 206 (Ala. 1988)." *Page 464 
I also note that on April 2, 1996, the trial judge entered an order denying the plaintiff's motion to clarify, stating that the court's previous orders entering summary judgments in favor of the defendants were clear and unambiguous. That April 2, 1996, order states as follows:
 "So that it is absolutely clear to all parties, the Court reiterates that the Defendants' Motions for Summary Judgment are granted as to all counts and all theories of liability advanced by the Plaintiff."
The trial judge's statement of the material facts is supported by the record, and I agree completely with the judge's conclusions of law; consequently, I concur in the affirmance of the summary judgments as they relate to the fraudulent suppression claim. I must respectfully dissent, however, from the reversal of the summary judgments as they relate to the other claims alleged in the complaint.
HOOPER, C.J., and SEE, J., concur.
[1] Although the trial judge stated that he was making "findings of fact," I note that all material facts in this case are undisputed.