On Application for Rehearing
The opinion of July 14, 1995, is withdrawn and the following opinion is substituted therefor.
Philip A. Patten appeals from a summary judgment in favor of Alfa Mutual Insurance Company and Jerry Whiteside on his claims alleging fraud, breach of contract, and negligence and/or wantonness. We affirm in part; reverse in part; and remand.
In March 1992, Patten enrolled in a pre-employment program with Alfa Mutual Insurance Company, after learning of an opening with Alfa in Dadeville, Alabama. Patten contends that at the completion of the program, he was contacted by Jerry Whiteside, a district manager for Alfa, and was informed by Whiteside that the Dadeville position was being offered to another person. He contends that Whiteside represented to him that Alfa had a position available in Alexander City, where the territory for sales would be Tallapoosa County. He further claims that Whiteside represented to him that he would be provided with a $325,000 "book of business" in Tallapoosa County, as well as personal training, if he took the position. A "book of business" consists of policies already in place with an insurance company that are serviced by the insurance representative. "The amount of the book of business is the annual premium represented in dollars. As part of the compensation arrangement with Alfa agents, [the agents with the book of business] receive anywhere from 2% up to 4% renewal commissions on a book of business which has been assigned to them." Appellant's brief at 7.
In April 1992, Patten accepted employment with Alfa in its Alexander City office. Thereafter, he was sent to Alfa's Montgomery office for a training period. He then began his work in Alexander City. Patten contends that although he was promised a "book of business" in Tallapoosa County valued at $325,000, his first "book of business" had a value of only $191,000. He says that when he complained to Whiteside, he received another "book of business" with a value of $141,000. This "book of business," however, required Patten to travel to Rockford, *Page 856 
in Coosa County. Patten remained an Alfa agent until December 1992, when he resigned.
Patten then sued Alfa and Jerry Whiteside, contending that the job in Alexander City was misrepresented to him and that he had been fraudulently induced into accepting employment with Alfa. He also alleged breach of contract and negligence and/or wantonness. The trial court granted Alfa and Whiteside's motions for summary judgment on all counts. Patten appeals.
With regard to the fraud claim, Patten contends that he was told he would have a $325,000 "book of business" in Tallapoosa County, where he lived and had many friends and business contacts. Although Whiteside told him his book of business would be in Tallapoosa County, Patten claims Whiteside knew during the employment negotiations that Patten would be expected to spend a portion of his time working in Coosa County, where he had no business contacts. The record indicates that Whiteside admitted that, when he offered the job to Patten, he contemplated "in his mind" that Patten would have to work out of both Coosa County and Tallapoosa County. That fact, according to Patten, was never communicated to him before he accepted the job with Alfa. Patten claims that the misrepresentations made by Alfa and Whiteside about where he would be working induced him to take a position he would not otherwise have considered.
 "The essential elements of a fraud claim are: (1) misrepresentation of a material fact; (2) made willfully to deceive, or recklessly without knowledge; (3) which was justifiably relied upon by the plaintiff under the circumstances; and (4) which caused damage as a proximate consequence. Bowman v. McElrath Poultry Co., 468 So.2d 879 (Ala. 1985)."
Ramsay Health Care, Inc. v. Follmer, 560 So.2d 746, 749 (Ala. 1990).
Whiteside and Alfa filed motions for summary judgment and in support thereof presented evidence tending to show that although some of the business given to Patten was not located in Tallapoosa County, he was, in fact, provided with two "books of business" totaling in excess of $325,000. Thus, theamount of the business is not at issue, merely the location of the business. In support of their motion, the defendants also presented the contract signed by Patten when he became an Alfa agent; it states in pertinent part:
 "3. Agent's Agreement. I agree with ALFA as follows:
 "B. . . . I understand ALFA may restrict the territory I may solicit in and that I do not have an exclusive territory. I further understand that assignment of any particular territory to me is not to be construed as a permanent assignment. . ..
". . . .
 "13. Prior Agreements. Any and all prior agreements between the parties on the subjects hereof are hereby merged into this Agreement and superseded. I agree that all compensation payable under such prior agreements [is] fully paid to date and that all future compensation shall be governed by this Agreement. No change, alteration or modification of the terms of this Agreement may be made except by an agreement in writing signed by the President or someone authorized by Board of Directors resolution to sign on behalf of the Companies. . . ."
R.T. at 189, 194, and 197. In granting the motions for summary judgment, the trial judge determined that Patten had not presented substantial evidence of justifiable reliance, and therefore had not rebutted the defendants' properly supported motions for summary judgment. We disagree.
Alfa contends that the written contract between the parties shows that it could change Patten's territory at any time during his employment. Thus, Alfa argues that Patten could not have relied on Whiteside's representation that he would receive a $325,000 book of business in Tallapoosa County. In opposition to the motions for summary judgment, Patten presented evidence tending to show that he made a business decision to accept employment with Alfa based on representations made to him as to where his territory would be and as to the amount of book business he would be provided in Tallapoosa County. He argues that he justifiably relied *Page 857 
on Alfa's representation that his territory would be Tallapoosa County. He says that had he known that Alfa planned for him to work in Coosa County as well as in Tallapoosa County, he would not have accepted the position. The fact that Alfaknew otherwise when it represented to him where his territory would be located, coupled with the fact that he relied on that representation when deciding to accept employment with Alfa, Patten contends, constituted substantial evidence to warrant submitting the issue of fraud to the jury.
Before going to work for Alfa, Patten was working at P D Distributing, a business in which he had a major ownership interest. Although P D was in the process of "winding down its business," Patten was still collecting revenues for his company before becoming an Alfa agent. He did not make a salary draw from the company immediately before accepting his position at Alfa; however, he did receive a salary from P D as late as February 1992. He entered the Alfa pre-employment program in March 1992 and accepted employment with Alfa in April of that year. During those months he made several collections and sales for P D Distributing, but did not take a salary draw. In his deposition testimony, Patten stated that he had had a job offer with an outdoor power equipment manufacturer and had engaged in employment discussions with a chemical company before accepting employment with Alfa. Patton deposition at 478-79. When he accepted employment with Alfa, Patten ceased any discussion with other companies and closed down the operation of P D.
Patten further contends that the doctrine of merger does not preclude his fraud claim. This Court has stated:
 "In Alabama Machinery Supply Co. v. Caffey, 213 Ala. 260, 262, 104 So. 509, 511 (1925), this Court held as follows:
 " 'A stipulation in the written contract that there are no verbal understandings not incorporated herein does not estop the party to set up fraud in verbal misrepresentations inducing the contract as a whole. The law does not countenance a contract against the consequences of fraud.'
". . . .
 ". . . An integration, or merger, clause is a portion of a particular contract that restates the rationale of the parol evidence rule within the terms of the contract. See Guilford v. Spartan Food Systems, Inc., 372 So.2d 7 (Ala. 1979) (noting that it is presumed at law that 'all prior negotiations are merged into the written contract, which purports to cover the entire transaction'). . . .
 "Thus, the law in this state renders an integration, or merger, clause ineffective to bar parol evidence of fraud in the inducement or procurement of a contract. Other courts and general authorities have acknowledged that this rule is well established. See 3 S. Williston, Williston on Contracts §§ 811-811A (3d ed. 1961); Restatement of Contracts § 573 (1932); 3 A. Corbin, Corbin on Contracts § 578, p. 405, n. 42 (3d ed. 1960 and 1992 Supp.) (noting that a merger clause 'does not prevent proof of fraudulent representations by a party to the contract . . .'). . . ."
Environmental Systems, Inc. v. Rexham Corp., 624 So.2d 1379,1382-83 (Ala. 1993).
Rule 56, Ala.R.Civ.P., requires us to view the evidence in the light most favorable to the nonmovant, in this case Patten. See Hanners v. Balfour Guthrie, Inc., 564 So.2d 412, 413 (Ala. 1990). Viewing it in that light, we find substantial evidence that Alfa knew when it offered Patten employment that he would be expected to work in Coosa County; that Whiteside led him to believe otherwise; and that, relying on Alfa's representations, Patten completed winding up his business at P D and expended funds for liability insurance coverage, advertising expenses, and computer expenses in anticipation of working as an Alfa agent. Because Patten offered substantial evidence tending to show that the initial conditions of his employment were misrepresented to him and that he justifiably relied on the misrepresentations in deciding to accept employment with Alfa, not withstanding the contractual provision stating that Alfa would have the right to reassign him after he was hired, his claim alleging fraudulent inducement should have been submitted to the jury. *Page 858 
The summary judgment was proper as to Patten's claims alleging breach of contract and negligence and/or wantonness.
For the foregoing reasons, the judgment of the trial court is affirmed in part and reversed in part, and the cause is remanded.
OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATION OVERRULED; AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
SHORES, INGRAM, and BUTTS, JJ., concur.
HORNSBY, C.J., and MADDOX, J.,