The plaintiffs, Marilyn Bibbs, Beverly Thomas, Clarence Reynolds, W. Curtis Ford, and Tommy Murray, appeal from a summary judgment in favor of the defendants, Med-Center Inns of Alabama, Inc., Patricia Attaway, and Jeffrey Denmark, on the plaintiffs' complaint alleging, in pertinent part, misrepresentation and breach of contract.
This case relates to the plaintiffs' employment as servers for the MedCenter Inn, a business operated by the corporate defendant, in its banquet facilities. Specifically, the MedCenter Inn would collect a 16% gratuity on each banquet at its facilities. It would then divide up the gratuity and pay a portion of it to the servers, along with their regular wages. The plaintiffs alleged that MedCenter supervisory employees Attaway and Denmark had misrepresented to them their proper share of the gratuities and that the gratuities were not paid to them by the MedCenter consistent with agreed-upon percentages.
On appeal, the plaintiff Tommy Murray argues that the summary judgment was error as to him, because, he says, the defendants did not seek a summary judgment against him. The remaining plaintiffs say the trial court erred because, they argue, they produced legally adequate evidence in support of their claims.
We agree that the trial court erred in adjudicating Tommy Murray's claims, because the defendants' motion for a summary judgment could not reasonably be construed as seeking a summary judgment against Murray. For example, nowhere does the motion mention Murray, although it specifically refers to each of the other plaintiffs. Also, the motion refers specifically only to the original complaint filed by the plaintiffs. Murray became a plaintiff after the original complaint had been filed.
The defendants did not move for a summary judgment against Tommy Murray. His claims were not properly before the trial court on the defendant's motion directed toward the claims of the other plaintiffs.[1] See Parr v. Goodyear Tire Rubber Co.,641 So.2d 769 (Ala. 1994). Accordingly, we reverse the judgment as to the plaintiff Tommy Murray.
As to the remaining plaintiffs, we affirm.
Broadly stated, the claims of the remaining plaintiffs, Thomas, Bibbs, Reynolds, and Ford, are premised, in pertinent part, on the contention that they had an oral agreement with the MedCenter Inn as to the percentage of the gratuity payments they were entitled to. As to the contract claim, they say that they were wrongfully not paid this percentage, and as to the misrepresentation claim they say that it was misrepresented to them that they were being paid the percentage they had been promised.
A summary judgment is proper where there "is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law." Ala.R.Civ.P. 56(c). The movant has the burden of demonstrating the absence of a genuine issue of material fact. Berner v. Caldwell, 543 So.2d 686 (Ala. 1989). If the movant makes a prima facie showing of the absence of a genuine issue of material fact, the burden shifts to the nonmovant to rebut this showing. Id. In determining whether there was a genuine issue of material fact, this Court must view the evidence in a light most favorable to the nonmovant.Kizziah v. Golden Rule Ins. Co., 536 So.2d 943 (Ala. 1988).
The plaintiffs say that in opposition to the summary judgment motion they produced evidence that Attaway and Denmark untruthfully represented to them that neither Attaway nor Denmark was sharing in the gratuities. Attaway and Denmark, they say, took a part of the plaintiffs' share of gratuities *Page 145 
with the corporate defendant's approval. However, because the plaintiffs made no showing that they were entitled to any particular percentage of the gratuities, it is irrelevant whether Attaway and Denmark were sharing in the gratuities.
We emphasize that Thomas, Bibbs, Reynolds, and Ford's theories of recovery are premised on the allegation that they were not being paid the percentage of gratuities orally agreed upon. However, those plaintiffs all testified to the effect that the defendants never discussed with them what share they were to receive in gratuity compensation. Viewed in any light, this would logically negate any contention that there was an oral agreement as to any specific gratuity compensation, or that the defendants untruthfully represented to them that they were receiving the amount they were entitled to under such an agreement.
Based on the foregoing, we reverse the judgment as to Tommy Murray. We affirm the judgment as to the remaining plaintiffs.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
HORNSBY, C.J., and ALMON, HOUSTON, and INGRAM, JJ., concur.
MADDOX, COOK, and BUTTS, JJ., concur in part and dissent in part.
[1] Although Murray's claims are similar to those of the remaining plaintiffs, they are in no way derivative as to the other plaintiffs' claims; thus, a judgment against the other plaintiffs would not necessarily dispose of Murray's claims.