CRAWLEY, Judge.
In June 1995, Melba D. Fisher sued JMIC Life Insurance Company, Inc.; Fidelity Warranty Services, Inc.; Gulf Coast Motor Sales, Inc., d/b/a Palmer’s Airport Toyota; Stacy Hill; and several fictitiously named defendants. Fisher dismissed Fidelity Warranty as a defendant and by amendments ultimately alleged that the remaining defendants had made misrepresentations regarding the automobile she had purchased and regarding credit life insurance related to her purchase. She further alleged that Hill, acting as an agent for JMIC and Palmer’s Airport Toyota, sold her an excessive amount of credit life insurance. She requested compensatory and punitive damages.
JMIC, Palmer’s Airport Toyota, and Hill filed motions for summary judgment. The trial court entered a summary judgment for those three defendants on the fraudulent representation claim relating to the sale of credit life insurance and for Palmer’s Airport Toyota and Hill on the fraudulent representation claim regarding the automobile. The trial court made the summary judgment final pursuant to Rule 54(b), Ala. R. Civ. P. Fisher appealed to the supreme court, which transferred the case to this court pursuant to Ala.Code 1975, § 12-2-7(6). The fraudulent representation claim relating to the allegedly excessive amount of credit life insurance remains pending in the trial court as to all the defendants.
A motion for summary judgment is to be granted when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56(e)(3), Ala. R. Civ. P. See West v. Found *59 ers Life Assurance Co. of Florida, 547 So.2d 870 (Ala.1989), and Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794 (Ala.1989), for a discussion of the application of this rule.
The elements of fraudulent representation are (1) that the defendant made a false representation; (2) that the representation concerned a material fact; (3) that the plaintiff relied on the representation; and (4) that the reliance caused the plaintiff damage. Ala. Code 1975, § 6-5-101; Jarrard v. Nationwide Mut. Ins. Co., 495 So.2d 584 (Ala.1986). The defendants made a prima facie showing that there were no issues of material fact as to each element of Fisher’s fraudulent representation claims.

Purchase of Automobile

In 1994, Fisher purchased an automobile from Palmer’s Airport Toyota. She alleges that the salesperson told her that the automobile was a “program” car and explained to her that a “program” car is a one-owner vehicle, usually owned by a company, and that the company has kept the vehicle for less than a year. When Fisher applied for a license plate for the car, she learned that Toyota Motor Credit Corporation had repossessed it from a previous owner. The previous owner had purchased the automobile from a dealer as a “program” car as described by the salesperson at Palmer’s Airport Toyota. Fisher testified that if she had known that the automobile had been repossessed from a previous owner, then she would not have bought it.
After reviewing the entire record, we conclude that Fisher presented no evidence that she suffered any damage as a result of any representations that the car was a “program” car. Therefore, as to this claim, we affirm the summary judgment.

Purchase of Credit Life Insurance

Fisher purchased credit life insurance related to her purchase of the car, and the insurance premium was included in ' the amount she financed. Fisher testified that Stacy Hill, the finance and insurance manager for Palmer’s Airport Toyota, told her that the purchase of the credit life insurance was required because Fisher was purchasing a used car. Hill testified that he did not tell Fisher that the coverage was required and that he knows that requiring such coverage is illegal. Fisher further testified that she would have not purchased the credit life insurance but for Hill’s alleged misrepresentation. She also- testified that she did not read the sales contract when she purchased the car and applied for financing.
The defendants argue that Fisher could not have justifiably relied on Hill’s alleged misrepresentation because the sales contract clearly stated in several places that the purchase of credit life insurance is optional. Our supreme court has held that if a plaintiff presents substantial evidence that the defendant fraudulently represented a material fact, even if the representation conflicts with the written terms of a contract, the plaintiffs fraud claim withstands a motion for summary judgment based on a claim that there had been no justifiable reliance. Patten v. Alfa Mut. Ins. Co., 670 So.2d 854 (Ala.1995); Woodall v. Alfa Mut. Ins. Co., 658 So.2d 369 (Ala.1995); Alabama Farm Bureau Mut. Cas. Ins. Co. v. Griffin, 493 So.2d 1379 (Ala.1986). We conclude that Fisher’s own testimony is substantial evidence that Hill represented to her that the credit life insurance was required. As to Fisher’s claim based on this alleged representation, we reverse the summary judgment. The cause is remanded for further proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES and MONROE, JJ., concur.
THOMPSON, J, dissents.