The plaintiff, Lorena Robinson, appeals from summary judgments in favor of the defendants, JMIC Life Insurance Company ("JMIC"), Gulf Coast Motor Sales, Inc., d/b/a Palmer's Airport Toyota, Inc. ("Palmer's"); and Don Merritt, on her claims alleging fraud, misrepresentation, deceit, and fraudulent suppression. We affirm in part, reverse in part, and remand.
The defendants sought summary judgments on Robinson's fraudulent suppression claim. That claim related to her securing a loan to finance the purchase of an automobile from Palmer's and her purchase of credit life insurance through Palmer's credit manager, Merritt. Robinson says that when Merritt asked her to execute documents in relation to the transaction, he should have disclosed to her that she was purchasing the credit life insurance.
At the outset, we note that the trial court's judgments adjudicated all of Robinson's claims. This was error, because the defendants had sought summary judgments only as to the fraudulent suppression claim. See Parr v. Goodyear Tire Rubber Co., 641 So.2d 769, 772 (Ala. 1994); Henson v. MobileInfirmary Ass'n, 646 So.2d 559, 562 (Ala. 1994); Sexton v. St.Clair Federal Sav. Bank, 653 So.2d 959, 962 (Ala. 1995); Bibbsv. MedCenter Inns of Alabama, Inc., 669 So.2d 143, 144 (Ala. 1995). Accordingly, as to Robinson's other claims, we reverse and remand. *Page 462 
As to the fraudulent suppression claim, we affirm.
As indicated, the crux of Robinson's fraudulent suppression claim is the contention that by his silence Merritt fraudulently suppressed the fact that Robinson was buying credit life insurance. In Henson v. Celtic Life Ins. Co.,621 So.2d 1268, 1273-74 (Ala. 1993), the plaintiff claimed suppression of a material term in an insurance contract, by silence on the defendant's part; however, the plaintiff had executed an application that repeatedly referred to the matter alleged to have been suppressed. This Court held, therefore, that the plaintiff was "reasonably put . . . on notice" as to the term and its importance. Here, although Robinson, a high school graduate, contends that she has poor reading skills, she concedes that she was capable of recognizing words like "credit life" and "insurance." These terms figure prominently and appear repeatedly in the documents she signed, but did not examine.
On one document, for example, Robinson signed directly by a box containing the following disclosures: "Credit Life $235.24." Another form signed by Robinson and related to her purchase of credit life insurance is entitled "Schedule of Insurance"; it refers to "insurance" or "life insurance" no fewer than 14 times. Certainly, given Robinson's ability to read and understand these key terms, and her decision not to examine the documents in issue before she signed them, we conclude that she cannot now complain that she was ignorant of the fact that she was purchasing credit life insurance.
Based on the undisputed facts, we affirm the defendants' summary judgments as they relate to the fraudulent suppression claim. As to Robinson's other claims, we reverse the summary judgments and remand the case.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
SHORES, HOUSTON, and COOK, JJ., concur.
ALMON, J., concurs in the result.
HOOPER, C.J., and MADDOX and SEE, JJ., concur in part and dissent in part.