Kirstie Tillery sued Security Pacific Financial Services, Inc., and its Montgomery branch manager, James Arndt, alleging that Arndt had fraudulently suppressed that he was including credit insurance on a loan she got from Security Pacific. Security Pacific and Arndt moved for a summary judgment. After a hearing, the trial court entered a summary judgment in favor of the defendants. Tillery appealed to the Supreme Court, which deflected the case to this court pursuant to § 12-2-7(6), Ala. Code 1975.
To properly enter a summary judgment, the trial court must determine that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56, Ala. R. Civ. P. Rule 56 is read in conjunction with the "substantial evidence rule," § 12-21-12, Ala. Code 1975. See Bass v. SouthTrust Bank of Baldwin County,538 So.2d 794, 797-98 (Ala. 1989).
"[T]o defeat a defendant's properly supported motion for summary judgment, the plaintiff must present 'substantial evidence,' i.e., 'evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.' West v. Founders Life Assurance Co. of Florida,547 So.2d 870, 871 (Ala. 1989)." Altadena Valley Golf Country Clubv. Blue Cross Blue Shield of Alabama, 644 So.2d 913, 915
(Ala. 1994).
"On a motion for summary judgment, when the movant makes a prima facie showing that no genuine issue of material fact exists, the burden shifts to the nonmovant to show 'substantial evidence' in support of his or her position.Bean v. Craig, 557 So.2d 1249, 1252 (Ala. 1990)." AltadenaValley Golf Country Club v. Blue Cross Blue Shield ofAlabama, 644 So.2d at 915.
Tillery argues that the trial court erred in entering the summary judgment in favor of Security Pacific and Arndt because, she says, she presented substantial evidence that Arndt and Security Pacific did not tell her that credit insurance was being included with her loan. She also contends that whether Arndt and Security Pacific owed her a duty to tell her she was purchasing credit insurance was a question for the jury.
In support of their motion for a summary judgment, Security Pacific and Arndt submitted the loan document signed by Tillery. The record shows Arndt completed the loan document and then spent at least five minutes *Page 404 
going over the form with Tillery. The loan document is a simple form that was signed twice by Tillery — once indicating she was purchasing credit insurance, and once at the bottom of the loan agreement.
The credit insurance portion of the loan document is set off in a box. In the upper left corner of the box, in all capital letters, is the statement, "PAYMENT PROTECTION INSURANCE IS NOT REQUIRED." The box then sets out the benefits Tillery gets with her credit insurance, and then has Tillery's signature.
The record shows that at the time she took out the $2,000 loan from Security Pacific, Tillery was a student at Auburn University at Montgomery studying finance. There is no question that she was able to read and understand the document. In her deposition, Tillery said she was given the opportunity to read the loan document but that she chose not to because, she said, "Why would I have if he was supposed to be telling me about it?"
Although not necessary to our holding in this case, the following facts are of note: The loan was taken out on May 23, 1995, and payments on the loan were due monthly, beginning June 23, 1995. Tillery had made only one loan payment as of September 27, 1996, and Security Pacific had tried to collect the debt. Tillery filed her complaint against Arndt and Security Pacific after Security Pacific attempted to collect the debt.
To prove a claim of fraudulent suppression, a plaintiff must show 1) the suppression of a material fact, 2) that the defendant had a duty to communicate the fact, 3) that the duty existed because of a confidential relationship between the parties or because of the circumstances of the case, and 4) that the suppression caused injury as a proximate consequence. Hines v. Riverside Chevrolet-Olds, Inc.,655 So.2d 909 (Ala. 1994).
Regardless of whether Security Pacific and Arndt told Tillery she was purchasing credit insurance, the loan document that she signed clearly disclosed that she was purchasing the insurance. Even in the portion of the document she said Arndt went over, i.e., the amount of the monthly payments, the interest rate, the finance charge, etc., the document shows that the amount financed is $2,171, and it shows that the total amount of payments, with interest included, was $2,984.76. Tillery, a finance major, knew she was taking out a $2,000 loan, but apparently did not bother to question why the amount financed was more than $2,000, especially in light of the disclosure that the total amount of payments and interest would be yet another, even higher, figure. According to Tillery's own deposition testimony, she was given the opportunity to read the document, but chose not to.
As the trial court in this case pointed out in its order,
 "[I]n view of the simplicity of the loan document, for Ms. Tillery to assert that she relied on representations of the defendants she would have to had [sic] closed her eyes to the fact that the loan documents clearly disclose that credit life insurance was being financed as part of the loan."
We agree. Tillery had to put some effort into not seeing what she was signing. She does not allege that Arndt or Security Pacific tried to keep her from seeing what she was signing, or that she was in any way tricked into signing the document.
It is undisputed that the document Tillery signed fully disclosed that she was purchasing credit insurance, fully disclosed the cost of the insurance, and fully disclosed the benefits she was entitled to receive under the insurance. The evidence is further undisputed that Tillery was given the opportunity to read the document and that she chose not to read it. Arndt and Security Pacific did not suppress any information from Tillery.
Furthermore, the trial court found that, as a matter of law, Security Pacific and Arndt did not have a duty to disclose to Tillery the purchase of credit insurance. As mentioned above, the loan document containing the information regarding credit insurance was made available to Tillery; she made the decision not to read it. According to Tillery, there is a question as to whether Arndt and Security Pacific had a duty to convey the information to her orally. However, *Page 405 
we can find no authority for the proposition that Arndt and Security Pacific had a duty to read the document to Tillery, given her obvious literacy.
Tillery did not present sufficient evidence that Arndt and Security Pacific had suppressed information from her or that they had a duty to read the loan document to her. The trial court properly entered the summary judgment in favor of Arndt and Security Pacific.
The judgment of the trial court is affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, CRAWLEY, and THOMPSON, JJ., concur.