CRAWLEY, Judge,
dissenting.
I conclude that the trial court erred by submitting the fraudulent-suppression claim regarding the reduced-death-benefit policy to the jury. White testified that she had the policies in her possession but that she never read them. The policies contained the information White alleges Liberty National suppressed; therefore, White is precluded from asserting a fraudulent-suppression claim.
“If one receives from a defendant documents that put [her] on notice of the very facts alleged to have been suppressed, then that defendant cannot have suppressed those facts. See, e.g., Robinson v. JMIC Life Ins. Co., 697 So.2d 461 (Ala.1997); Henson v. Celtic Life Ins. Co., 621 So.2d 1268 (Ala.1993); Hardy v. Blue Cross & Blue Shield, 585 So.2d 29 (Ala.1991); Tillery v. Security Pacific Financial Services, Inc., 703 So.2d 402 (Ala.Civ.App.1997).”
Richardson v. Liberty National Life Ins. Co., 750 So.2d 575 (Ala.Civ.App.1999).
I also conclude that the trial court erred by submitting the fraudulent-suppression claim regarding the renewal of White’s original policy. White alleges that Liberty National owed her a duty to disclose how she could reinstate her original policy. I conclude that Liberty National, as a matter of law, did not owe a duty to disclose how she could reinstate her original policy. White argues that her limited educational background (she had a high school diploma) and her prior business dealings with Liberty National created a duty to disclose. I conclude that those facts are insufficient, as a matter of law, to create a duty to disclose.
THOMPSON, J., concurs.