Andrew Baugus and other landowners appeal from a summary judgment entered in favor of the City of Florence ("the City") in the Lauderdale Circuit Court. We remand the case to the trial court for further proceedings because the judgment appealed from is not a final judgment.
 I. Facts and Procedural Background
The City operated and maintained a sanitary landfill in Florence. The landfill abuts and/or includes portions of Baugus's property, as well as the property of 12 other named plaintiffs in the case (collectively referred to as "the residents"). The Alabama Department of Public Health initially issued a permit for the operation of the landfill, but the City later operated the landfill pursuant to a permit issued by the Alabama Department of Environmental Management. The City claims that the landfill was closed in 1988 and that it has not disposed of garbage there since that time. The residents contend that the City was still dumping waste at the landfill as late as 2005.
The City continues to maintain the land-fill in what it calls a "post-closure care monitoring period." The City concedes that when depressions in the soil appear, it dumps "clean fill," or unregulated inorganic solid waste, in those depressions. The City also has been monitoring the perimeter of the landfill site for the presence of methane gas since 1991. This monitoring entails the installation of monitoring wells, which are two-inch diameter PVC pipe *Page 531 
buried six feet into the ground, in the property at the perimeter of the landfill. The residents claim that the methane gas generated by the landfill migrates onto their properties and creates the possibility of explosion when present in high quantities. The residents have produced evidence indicating that methane gas has been detected on their properties as late as 2005, sometimes at explosive levels.
The residents sued the City, stating a nuisance claim and an "unlawful-taking" claim. The City filed a motion to dismiss or for a more definite statement, and the residents filed a first amended complaint, restating the "unlawful-taking" claim as an inverse-condemnation claim. The City filed an answer to the first amended complaint, setting forth its affirmative defenses. The City then filed a motion for a summary judgment on the grounds that the claims listed in the first amended complaint were barred by the statute of limitations and, in the alternative, even if the claims were not barred by the statute of limitations, that the residents failed to present sufficient evidence to support those claims. After the City filed its summary-judgment motion, the residents filed a second amended complaint, which added claims alleging trespass, continuing trespass, strict liability, and negligence. The City filed a motion to strike the second amended complaint on the ground that it was filed three days after the date the court had set as the deadline for dispositive motions. The City never filed an answer to the second amended complaint, nor did it amend its summary-judgment motion to include the four additional claims asserted in the second amended complaint. The court never ruled on the City's motion to strike, but, after a hearing at which an untranscribed oral argument took place, the court entered a summary judgment in favor of the City.
 II. Nonfinal Judgment
An appeal will not lie from a nonfinal judgment. Robinsonv. Computer Servicenters, Inc., 360 So.2d 299, 302 (Ala. 1978). "A ruling that disposes of fewer than all claims or relates to fewer than all parties in an action is generally not final as to any of the parties or any of the claims.See Rule 54(b), Ala. R. Civ. P." Wilson v.Wilson, 736 So.2d 633, 634 (Ala.Civ.App. 1999). The absence of a final judgment is a jurisdictional defect that cannot be waived by the parties. McGowin Inv. Co. v.Johnstone, 291 Ala. 714, 715, 287 So.2d 835, 836 (1973). When an action involves multiple claims or parties, Rule 54(b), Ala. R. Civ. P., gives the trial court the discretion to "direct the entry of a final judgment as to one or more but fewer than all of the claims or parties." If a trial court certifies a judgment as final pursuant to Rule 54(b), an appeal will generally lie from that judgment.
Neither the City nor the residents moved for certification under Rule 54(b). However, "if it is clear and obvious from the language used by the trial court in its order that the court intended to enter a final order pursuant to Rule 54(b), then we will treat the order as a final judgment. . . ." SchneiderNat'l Carriers, Inc. v. Tinney, 776 So.2d 753, 755
(Ala. 2000) (summarizing the holding in ShoMe Motor Lodges,Inc. v. Jehle-Slauson Constr. Co., 466 So.2d 83, 87
(Ala. 1985)). In ShoMe Motor Lodges, the trial court's order clearly indicated that the court intended to enter an order pursuant to Rule 54(b) because the order, clearly quoting Rule 54(b), stated: "`The Court further finds there is no just reason for delay in the entry of said final judgment.'"466 So.2d at 87. And in Schneider National Carriers, Inc., we recognized the existence of a Rule 54(b) certification based on the fact *Page 532 
that the trial court specifically cited Rule 54(b).
In the instant case, however, the trial court's summary-judgment order states that "[i]t appears from the record that there are no disputed issues of material fact and that the defendant is entitled to a judgment as a matter of law." The order neither mentions Rule 54(b) nor does it quote Rule 54(b). Accordingly, we cannot say that the trial court clearly intended to certify its order as final under Rule 54(b), nor can we overlook the absence of a final judgment, a matter affecting this Court's jurisdiction.
Further, although the trial court's summary-judgment order in favor of the City, on its face, appeared to dismiss all claims in favor of the City, the City's motion for a summary judgment moved only for a summary judgment on the nuisance claim and the inverse-condemnation claim. Consequently, only those claims were properly before the trial court on the summary-judgment motion. See Robinson v. JMIC Life Ins. Co.,697 So.2d 461, 461 (Ala. 1997) ("At the outset, we note that the trial court's judgments adjudicated all of Robinson's claims. This was error, because the defendants had sought summary judgments only as to the fraudulent suppression claim."). See also Parr v. Goodyear Tire RubberCo., 641 So.2d 769, 772 (Ala. 1994); Henson v. MobileInfirmary Ass'n, 646 So.2d 559, 562 (Ala. 1994); Sextonv. St. Clair Fed. Sav. Bank, 653 So.2d 959, 962
(Ala. 1995); and Bibbs v. MedCenter Inns of Alabama,Inc., 669 So.2d 143, 144 (Ala. 1995).
The City never completely abandoned its motion to strike before the trial court or before this Court.[1] When the residents discussed the additional claims from the second amended complaint in their response to the City's motion for a summary judgment, the City stated in a footnote to its brief in reply that it
 "has filed a separate motion to strike the plaintiffs' Second Amended Complaint, which the plaintiffs filed . . . two weeks after the City filed its summary judgment motion. In the event that the Court allow the plaintiffs' amendment, the City requests an opportunity to present evidence and argument in support of summary judgment as the additional claims in the plaintiffs' belated pleadings. This memorandum addresses only the claims made the subject of the City's Motion for Summary Judgment."
As indicated by the footnote, the City intended to preserve its motion to strike as to the negligence, trespass, continuing trespass, and strict-liability claims. We treat this footnote as sufficient indication that the City had not waived at this juncture its motion to strike the second amended complaint.
After the hearing on the motion for a summary judgment, the trial court entered an order inviting response to its concern as to whether evidence of the City's violation of certain regulatory or statutory obligations satisfied the sufficiency-of-the-evidence requirement in light of this Court's decisions in Byrd v. City of Citronelle,937 So.2d 515 (Ala. 2006), and Burge v. Jefferson County,409 So.2d 800 (Ala. 1982). In its supplemental brief submitted after the hearing, the City discussed those two cases but addressed for the first time the effect of those cases upon thenegligence claim, a claim asserted only in the second amended complaint. In their response to the City's supplemental brief, the residents also addressed the negligence claim in light of *Page 533 Byrd and Burge, and concluded with a cursory discussion of the remaining claims in the second amended complaint, namely, trespass, continuing trespass, and strict liability, noting the presence of factual issues.
Arguably, the City waived its motion to strike the second amended complaint as to the residents' negligence claim by injecting a discussion of negligence into its posthearing supplemental brief. However, we need not resolve that issue because it is clear that the City did not inject the other three claims asserted in the second amended complaint — trespass, continuing trespass, and strict liability — in any submission to the trial court before its ruling on the summary-judgment motion. We do not find any basis for the City's waiver of its motion to strike as to those claims arising from its failure to object to the residents' cursory reference to trespass, continuing trespass, and strict liability in their posthearing brief because such discussion is entirely consistent with an acknowledgment by the residents as to the necessity for further proceedings in the event the trial court granted the City's motion as to the first amended complaint and subsequently denied the motion to strike the second amended complaint.
Because the City has not waived its motion to strike as to at least three of the claims asserted in the second amended complaint and the trial court has not ruled on such motion, those claims remain pending. A partial summary judgment is not a final, appealable judgment. See Homes of Legend, Inc. v.McCollough, 776 So.2d 741, 748 n. 11 (Ala. 2000) (citingPrecision American Corp. v. Leasing Serv. Corp.,505 So.2d 380, 382 (Ala. 1987)).
 III. Remand
Neither party has challenged the summary-judgment order as nonfinal. However, inaction of the parties cannot cure a jurisdictional defect. Cf, McGowin Inv. Co. v. Johnstone,supra. We have the option of dismissing the appeal or remanding the case to the trial court for the opportunity to cure the defect, as set forth below:
 "When it appears from the record that the appeal was taken from an order which was not final, but which could have been made final by a Rule 54(b) certification, we will remand the case to the trial court for a determination as to whether it chooses to certify the order as final, pursuant to Rule 54(b), and, if it so chooses, to enter such an order and to supplement the record, to reflect that certification. The judgment will be taken as final as of the date the 54(b) certification is entered. . . .
 ". . . [I]f this Court remands the case to the trial court for the opportunity of making such a certification, the trial court will have the limited jurisdiction to enter a 54(b) certification if, in its discretion, it decides the entry of such a certification is appropriate."
Foster v. Greer Sons, Inc., 446 So.2d 605,609-10 (Ala. 1984) (overruled on other grounds, Ex parteAndrews, 520 So.2d 507, 510 (Ala. 1987)).
We remand this case for the trial court either (a) to grant the City's motion to strike the second amended complaint and thereafter enter a final judgment or (b) to certify the summary-judgment order heretofore entered as to the first amended complaint as a final judgment under Rule 54(b). A supplemental record reflecting the trial court's action should be prepared and forwarded to this Court. The judgment will be considered final as of the date any new order is entered. If no such supplemental record is forwarded to this Court within 14 days of the date of release *Page 534 
of this opinion, this appeal will be dismissed.
REMANDED WITH INSTRUCTIONS.*
NABERS, C.J., and WOODALL, SMITH, and PARKER, JJ., concur.
* Note from the reporter of decisions: On February 16, 2007, the Supreme Court dismissed the appeal, without opinion.
[1] The City notes in its brief to this Court that its motion to strike the second amended complaint remains outstanding, with no ruling from the trial court.