MOORE, Judge. ■
Jerry K. McCullough appeals from a summary judgment entered by thé Limestone Circuit Court (“the trial court”) in favor of Allstate Property and Casualty Insurance Company (“Allstate”). We dismiss the appeal as having been taken from a nonfinal judgment.
*659 Procedural History
McCullough filed a complaint against Allstate in the trial court on August 17, 2015, seeking equitable relief and damages for breach of contract, bad faith, violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., fraud, defamation, harassment, and invasion of privacy. Allstate filed a timely answer, asserting multiple affirmative defenses, including waiver, estoppel, accord, and satisfaction, and release. On November 4, 2015, Allstate moved for a summary judgment, asserting that all of McCullough’s claims arose out of the same matters that had been the basis of a previous federal lawsuit that McCullough had initiated against Allstate and that had been dismissed pursuant to a settlement agreement. On November 19, 2015, McCullough filed a response to Allstate’s summary-judgment motion and a motion for a partial summary judgment.
On November 30, 2015, McCullough filed an addendum to his response, to Allstate’s summary-judgment motion and to his motion for a partial summary judgment. On December 8, 2015, Allstate filed a reply to McCullough’s response to Allstate’s summary-judgment motion.
On December 14, 2015, McCullough filed a motion requesting that the trial court enter a judgment declaring the nature and purpose of the funds that Allstate had paid to McCullough to settle the federal lawsuit. On December 18, 2015, Allstate responded to McCullough’s motion for a declaratory judgment. On December 21, 2015, McCullough filed an amendment to his motion for a partial summary judgment.
After the trial court heard oral argument, the trial court entered a judgment on February 24, 2016, stating: “[Allstate’s] MOTION FOR SUMMARY JUDGMENT is hereby GRANTED.” On February 25, 2016, McCullough filed his notice of appeal to this court. This court transferred the appeal to the Alabama Supreme Court for lack of subject-matter jurisdiction, and our supreme court subsequently transferred the appeal to this court, pursuant to Ala. Code 1975, § 12-2-7(6)..
Discussion-
We must initially determine whether the summary judgment entered in this case is a final judgment that will support an appeal.
“An appeal will not lie from a nonfinal judgment. Robinson v. Computer Servi-centers, Inc., 360 So.2d 299, 302 (Ala.1978). ‘A ruling that disposes of fewer than all claims or relates to fewer than all parties in an action is generally not final as to any of the parties or any of the claims. See Rule 54(b), Ala. R. Civ. P.’ Wilson v. Wilson, 736 So.2d 633; 634 (Ala.Civ.App.1999). The absence of a- final judgment is a jurisdictional defect that' cannot, be waived by the parties.”
Baugus v. City of Florence, 968 So.2d 529, 531 (Ala.2007).
In Baugus, the plaintiffs amended their complaint after the defendant had filed a motion for a summary judgment. Id. This court noted that, although the defendant had moved to strike the amendment to the complaint, it had not answered the amended complaint or amended its motion for a summary judgment to include the additional claims asserted in the amended complaint. Id. The trial court did not rule on the motion to strike, but it granted the defendant’s motion for a summary judgment. Id. The supreme court held that, because the defendant had not moved for a summary judgment on the additional claims asserted in the amended complaint, those claims remained pending after the trial court entered the summary judgment. Therefore, the supreme court concluded *660 that the judgment was a nonfinal judgment.
Similarly, in the present case, after Allstate filed its motion for a summary judgment, McCullough filed a motion for a declaratory judgment, which we interpret as being an amendment to his complaint. See Southern Sash Sales & Supply Co. v. Wiley, 631 So.2d 968, 971 (Ala.1994) (“This Court has always looked to substance over form.”). Although Allstate filed a motion asking the trial court to deny McCullough’s declaratory-judgment motion, it did not amend its summary-judgment motion to include that claim. Therefore, when the trial court granted Allstate’s motion for a summary judgment, it did not dispose of McCullough’s claim for a declaratory judgment, and, thus, that claim remains pending. We therefore conclude that the summary judgment from which McCullough appeals is a nonfinal judgment. Because a nonfinal judgment will not support an appeal, we dismiss the appeal. Baugus, 968 So.2d at 531.
APPEAL DISMISSED.
Thompson, P.J., and Pittman, Thomas, and Donaldson, JJ., concur.