MOORE, Judge.
*105 This court's opinion of October 27, 2017, is withdrawn, and the following is substituted therefor.
Jerry K. McCullough appeals from a summary judgment entered by the Limestone Circuit Court ("the trial court") in favor of Allstate Property and Casualty Insurance Company ("Allstate"). We affirm the judgment in part and reverse it in part.
Facts and Procedural History
In 2011, Allstate issued a policy of automobile insurance ("the policy") to McCullough, insuring, among other vehicles, his 2002 Dodge Ram 1500 pickup truck ("the truck"). McCullough loaned the truck to an acquaintance, who returned it to McCullough in September 2012 in a damaged condition. In January 2013, McCullough filed a claim on the policy. After an Allstate adjuster inspected the truck, finding multiple points of damage, Allstate took the position that the truck had been damaged in more than one accident. Allstate advised McCullough that it would treat his claim as involving multiple different claims, each of which would be subject to the policy deductible of $250. McCullough objected, contending that the damage had resulted from one accident for which only one deductible should be applied. Based on that disagreement, McCullough filed a lawsuit against Allstate in the United States District Court for the Northern District of Alabama ("the federal lawsuit") in March 2013.
On July 16, 2013, McCullough and Allstate tentatively agreed to settle the federal lawsuit for $8,000. McCullough subsequently learned that Allstate had reported to LexisNexis Comprehensive Loss Underwriting Exchange ("CLUE") and Verisk Analytics Automobile Property Loss Underwriting Service ("A-PLUS")[1] that it had opened multiple claims regarding the damage to the truck. Expressing concern that the reports would inflate his future automobile-insurance costs, McCullough informed Allstate's attorney that he would not settle the federal lawsuit unless Allstate arranged to have the reports corrected to reflect that he was making only one insurance claim with a date of loss of September 3, 2012. McCullough also informed Allstate's attorney that he did not consider the $8,000 to be a payment on the claim, and he wanted Allstate either to report to CLUE and A-PLUS that it had paid nothing on the claim or to delete its reports altogether. According to McCullough, on August 2, 2013, Allstate's attorney sent McCullough an e-mail message indicating that Allstate had reported to CLUE that it had paid nothing on the claim.
Later on August 2, 2013, McCullough executed a "Release and Settlement Agreement" ("the release"). The pertinent terms of the release were as follows:
"For and in consideration of the payment to [McCullough], the sum of EIGHT THOUSAND AND NO/100 DOLLARS ($8,000.00), and other good and valuable consideration, [McCullough] has released and discharged, [Allstate], its owners, officers, directors, *106 stockholders, employees, agents, attorneys, representatives, subsidiaries, affiliated companies, parent companies, successors, and assigns, and all others, of and from any and all actions, causes of action, choses in action, rights of recovery, theories of recovery, and claims or demands for damages, costs, including, but not limited to, claims for insurance policy benefits and 'bad faith,' as well as damage claims seeking policy benefits, property damage, mental anguish damages, or punitive damages, or any other thing whatsoever on account of, or in any way arising out of, the claims and matters described in [the federal lawsuit].
"....
"[McCullough] agrees, understands and acknowledges that acceptance of the payment sum pursuant to this settlement agreement is a full, complete, final and binding compromise of matters involving disputed issues regardless of whether too much or too little may have been paid. As part of the bargained-for consideration for this Release ..., Allstate agrees to put forth its best effort to revise its reporting to [CLUE], and/or any other Index Bureau, to reflect that there was only one occurrence giving rise to the claims made the basis of this lawsuit, and only one date of loss, i.e., September 3, 2012.
"....
"This Settlement Agreement contains the entire agreement between [McCullough] and the released parties with regard to the matters set forth herein. There are no understandings or agreements, verbal or otherwise, between the parties except as expressly set forth."
Based on the release, the federal lawsuit was dismissed with prejudice. By September 8, 2013, McCullough informed Allstate's attorney in an e-mail message that he was satisfied from correspondence he had received from CLUE and A-PLUS that the claim reports had been deleted.
In November 2014, McCullough applied for automobile insurance with a different insurer. McCullough learned that, in October 2013, Allstate had reported to CLUE and A-PLUS that it had paid $8,000 to McCullough on the September 3, 2012, claim. McCullough disputed the reports. CLUE eventually deleted the claim report after Allstate did not respond to its inquiries. A-PLUS, on the other hand, maintained the claim report based on its correspondence with Allstate, which had confirmed that it had reported paying $8,000 on the claim. McCullough thereafter informed Allstate on multiple occasions that he disputed the A-PLUS report, but Allstate maintained its position that it had validly reported the $8,000 payment.
McCullough filed a complaint against Allstate in the trial court on August 17, 2015, seeking equitable relief and damages for "breach of settlement agreement," bad faith, negligence, fraudulent misrepresentation, violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., fraudulent inducement, defamation, harassment, and invasion of privacy. Allstate filed a timely answer, asserting multiple affirmative defenses.
On November 4, 2015, Allstate moved for a summary judgment, asserting that all of McCullough's claims arose out of the same matters set forth and settled in the federal lawsuit; that McCullough's claims were barred by waiver, estoppel, accord and satisfaction, and release; that "any discussions or e-mails leading up to the consummation of the final settlement agreement are merged into the Release which specifically states that it is the 'entire agreement between [McCullough] and [Allstate] with regard to the matters set *107 forth herein' "; and that Allstate had complied with the terms of the release. Allstate submitted the affidavit of Heath Harmon, the "Casualty Claims Service Leader" for Allstate, in support of its motion, pursuant to Rule 56(c), Ala. R. Civ. P.
On November 7, 2015, McCullough filed a motion to compel Allstate to produce discovery and requested that the trial court impose discovery sanctions on Allstate. On November 19, 2015, McCullough filed a response to the motion for a summary judgment and a motion for a partial summary judgment on his claims alleging "breach of settlement agreement," negligence, fraudulent misrepresentation, and fraudulent inducement. He filed, pursuant to Rule 56(c), his own affidavit and other evidentiary materials in support of the response and motion. That same day, he also filed an amendment to his motion to compel discovery and to impose discovery sanctions. On November 20, 2015, Allstate responded to McCullough's motion to compel discovery and for discovery sanctions. On November 30, 2015, McCullough filed an addendum to his response to Allstate's summary-judgment motion and to his motion for a partial summary judgment. That same day, Allstate responded to McCullough's amendment to his motion to compel discovery and for discovery sanctions.
On December 8, 2015, Allstate filed a reply to McCullough's response to Allstate's summary-judgment motion, as well as a motion to strike portions of McCullough's Rule 56(c) affidavit. On December 11, 2015, McCullough filed an addendum to his amendment to his motion to compel discovery and to impose discovery sanctions.
On December 14, 2015, McCullough filed a motion for a judgment declaring that "the purpose of the $8,000 paid to [McCullough] by Allstate was to purchase his agreement to dismiss the [federal] lawsuit." On December 18, 2015, Allstate responded to that motion.
On December 21, 2015, McCullough filed an amendment to his motion for a partial summary judgment. On December 28, 2015, McCullough filed a motion to compel Allstate to produce the documents he had requested in a subpoena; as an exhibit to that motion, he attached his own affidavit, which was filed pursuant to Rule 56(f), Ala. R. Civ. P. On January 6, 2016, McCullough filed a response to the motion to strike portions of his Rule 56(c) affidavit and moved to strike portions of Harmon's Rule 56(c) affidavit.
After the trial court heard oral argument, the trial court granted Allstate's motion for a summary judgment on February 24, 2016. McCullough timely appealed to this court. We transferred the appeal to our supreme court for lack of subject-matter jurisdiction, and our supreme court transferred the appeal back to this court, pursuant to Ala. Code 1975, § 12-2-7(6). McCullough v. Allstate Prop. & Cas. Ins. Co., 219 So.3d 658, 659 (Ala. Civ. App. 2016). This court determined that the appeal had been taken from a nonfinal judgment because the judgment did not dispose of McCullough's motion for a declaratory judgment, which this court interpreted as being an amended complaint. McCullough, 219 So.3d at 659-660. Therefore, this court dismissed the appeal. Id. at 660. The certificate of judgment was issued by this court on September 28, 2016.
Subsequently, Allstate renewed its motion for a summary judgment and amended its motion to also request a summary judgment on McCullough's amended complaint for declaratory relief. Allstate also filed an objection to McCullough's motion to compel discovery, arguing that none of the discovery sought was relevant to the issue presented in its summary-judgment *108 motion, specifically, whether the parties had signed a valid release waiving the claims set forth in this action. Allstate subsequently moved to strike certain interrogatories that McCullough had propounded to Allstate's attorney and moved for a protective order.
On March 3, 2017, the trial court entered a judgment denying McCullough's motion to compel discovery, granting Allstate's motion to strike McCullough's interrogatories and its motion for a protective order, granting Allstate's motion to strike portions of McCullough's Rule 56(c) affidavit, denying McCullough's motion to strike portions of Harmon's Rule 56(c) affidavit, denying McCullough's motion, as amended, for a partial summary judgment, and granting Allstate's summary-judgment motion with regard to McCullough's request for declaratory relief, thereby rendering a summary judgment in favor of Allstate on all of McCullough's claims. On March 31, 2017, McCullough filed his notice of appeal. This court transferred the appeal to the supreme court for lack of subject-matter jurisdiction; that court subsequently transferred the appeal back to this court, pursuant to § 12-2-7(6).
Standards of Review
" 'We review this case de novo, applying the oft-stated principles governing appellate review of a trial court's grant or denial of a summary judgment motion:
" ' "We apply the same standard of review the trial court used in determining whether the evidence presented to the trial court created a genuine issue of material fact. Once a party moving for a summary judgment establishes that no genuine issue of material facts exists, the burden shifts to the nonmovant to present substantial evidence creating a genuine issue of material fact. 'Substantial evidence' is 'evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.' In reviewing a summary judgment, we view the evidence in the light most favorable to the nonmovant and entertain such reasonable inferences as the jury would have been free to draw." '
" American Liberty Ins. Co. v. AmSouth Bank, 825 So.2d 786, 790 (Ala. 2002) (quoting Nationwide Prop. & Cas. Ins. Co. v. DPF Architects, P.C., 792 So.2d 369, 372 (Ala. 2000) (citations omitted) )."
General Motors Corp. v. Kilgore, 853 So.2d 171, 173 (Ala. 2002).
With regard to the discovery issues, our supreme court has stated:
" 'It is well settled that the Rules on deposition and discovery are to be broadly and liberally construed. Cole [v. Cole Tomato Sales, Inc., 293 Ala. 731, 310 So.2d 210 (1975) ]. Rule 26(c), [Ala. R. Civ. P.,] recognizes, however, that the right to discovery is not unlimited, and the trial court has broad powers to control the use of the process to prevent its abuse by any party. See Campbell v. Eastland, 307 F.2d 478 (5th Cir. 1962) ; and DeLong Corp. v. Lucas, 138 F.Supp. [805,] 806 (S.D.N.Y. 1956). The Rule does not allow an arbitrary limit on discovery; instead, it vests the trial court with judicial discretion in the discovery process. The question on review, then, becomes one of whether, under all the circumstances, the court has abused this discretion. Campbell v. Regal Typewriter Co., 341 So.2d 120 (Ala. 1976). An appellate court may not decide whether it would, in the first instance, have permitted the prayed for discovery. Furthermore, it is unusual to find abuse of discretion in these matters.
*109 Swanner v. United States, 406 F.2d 716 (5th Cir. 1969) ; Tiedman v. American Pigment Corp., 253 F.2d 803 (4th Cir. 1958) ; Ex parte Alabama Power Co., 280 Ala. 586, 196 So.2d 702 (1967) ; and 35A C.J.S. Federal Civil Procedure §§ 532, 592.' (Emphasis added.)"
Ex parte Old Mountain Props., Ltd., 415 So.2d 1048, 1052-53 (Ala. 1982) (opinion on application for rehearing) (quoting Assured Inv'rs Life Ins. Co. v. National Union Assocs., Inc., 362 So.2d 228, 231-32 (Ala. 1978) ).
Discussion
I.
On appeal, McCullough argues that the trial court erred in granting Allstate's motion for a summary judgment on his claims alleging fraudulent inducement and fraudulent misrepresentation. We note that Allstate's motion for a summary judgment did not address the merits of McCullough's allegations of fraudulent inducement or fraudulent misrepresentation. Instead, Allstate simply argued that McCullough's claims were barred by the language of the release and that McCullough could not prove his claims outside the four corners of the release-i.e., based on communications or agreements not reflected in the release-due to the merger clause in the release. McCullough argues, though, that he should be permitted to present parol evidence to prove that the release was procured by fraud despite the "merger" clause in the release.
Our supreme court has explained:
"[T]he law in this state renders an integration, or merger, clause ineffective to bar parol evidence of fraud in the inducement or procurement of a contract. Other courts and general authorities have acknowledged that this rule is well established. See 3 S. Williston, Williston on Contracts §§ 811-811A (3d ed. 1961); Restatement of Contracts § 573 (1932) ; 3 A. Corbin, Corbin on Contracts § 578, p. 405, n.42 (3d ed. 1960 and 1992 Supp.) (noting that a merger clause 'does not prevent proof of fraudulent representations by a party to the contract, or of illegality, accident, or mistake' and further noting that '[s]uch evidence may directly contradict the writing; but at the same time it shows the whole writing to be void or voidable, including the statement by which representations and mistakes are denied'); id. § 580, p. 431, n.65 (noting that 'it is in no case denied that oral testimony is admissible to prove fraud'). See also 37 Am. Jur. 2d, Fraud and Deceit § 453 (1968) (noting that '[t]he general rule that parol or extrinsic evidence is admissible to prove that a written contract was procured by fraud ordinarily applies ... in spite of special provisions in the contract which purport to limit the application of parol evidence'). In Downs v. Wallace, [622 So.2d 337 (Ala. 1993),] this Court noted that such a holding is required: 'To hold otherwise is to encourage deliberate fraud.' 622 So.2d at 342."
Environmental Sys., Inc. v. Rexham Corp., 624 So.2d 1379, 1383 (Ala. 1993) ; see also Downs v. Wallace, 622 So.2d 337, 342 (Ala. 1993) (holding that "when the agreement has been induced by intentional fraud the mere presence of an integration clause in the written instrument does not, as a matter of law, insulate the guilty party").
Based on the foregoing, we conclude that Allstate was incorrect in its argument that McCullough's claims alleging fraudulent inducement and fraudulent misrepresentation were barred as a matter of law by the language of the release. Because all of Allstate's arguments in its summary-judgment motion are contingent on the release barring McCullough's claims, Allstate failed to meet its burden of showing *110 its entitlement to a summary judgment on the issues of fraudulent inducement and fraudulent misrepresentation, and, therefore, Allstate's summary-judgment motion was due to be denied as to those claims. Kilgore, 853 So.2d at 173.
We note that McCullough has presented no argument complying with Rule 28(a)(10), Ala. R. App. P., regarding the merits of the summary judgment as to his remaining claims; therefore, we will not address the propriety of the summary judgment as to those claims. See, e.g., White Sands Grp., L.L.C. v. PRS II, LLC, 998 So.2d 1042, 1058 (Ala. 2008) (" Rule 28(a)(10) [, Ala. R. App. P.,] requires that arguments in briefs contain discussions of facts and relevant legal authorities that support the party's position. If they do not, the arguments are waived.").
II.
McCullough also argues that the trial court erred in denying his motion for a partial summary judgment on his claims alleging fraudulent inducement and fraudulent misrepresentation.[2]
" 'The essential elements of a fraud claim are: (1) misrepresentation of a material fact; (2) made willfully to deceive, or recklessly without knowledge; (3) which was justifiably relied upon by the plaintiff under the circumstances; and (4) which caused damage as a proximate consequence. Bowman v. McElrath Poultry Co., 468 So.2d 879 (Ala. 1985).'
" Ramsay Health Care, Inc. v. Follmer, 560 So.2d 746, 749 (Ala. 1990)."
Patten v. Alfa Mut. Ins. Co., 670 So.2d 854, 856 (Ala. 1995).
According to McCullough, he informed Allstate, through its attorney, that he would not settle the federal lawsuit unless Allstate reported no payment on the claim. McCullough averred that Allstate's attorney subsequently e-mailed McCullough and informed McCullough that Allstate had reported to CLUE that it had paid nothing on the claim. According to McCullough, that fact, along with his own information that no other report on the claim existed at the time, led McCullough to settle the federal lawsuit because he believed that no reported payment on the claim would be on record; however, Allstate subsequently reported the $8,000 payment to CLUE and A-PLUS.
Although McCullough presented evidence of fraud, the release contained a merger clause providing: "This Settlement Agreement contains the entire agreement between McCullough and [Allstate] with regard to the matters set forth herein. There are no understandings or agreements, verbal or otherwise, between the parties except as expressly set forth." Considering that the release did not specify that Allstate must report that nothing was paid on the claim, coupled with the language of the merger clause, we conclude that there is a genuine issue of material fact as to whether Allstate, " 'willfully to deceive, or recklessly without knowledge,' " agreed to report an amount of $0 on the claim and whether McCullough reasonably relied on any representation outside those contained in the release. Patten, 670 So.2d at 856. See also Downs, 622 So.2d at 342 ("[A]n integration clause in a *111 written agreement may support a finding that the plaintiff did not rely on extraneous representations.").
Based on the foregoing, McCullough's motion for a partial summary judgment on his claims alleging fraudulent inducement and fraudulent misrepresentation were properly denied. McCullough has presented no argument complying with Rule 28(a)(10) regarding his motion for a partial summary judgment as to his claims alleging breach of the release and negligence; therefore we will not address whether a partial summary judgment should have been entered in McCullough's favor on those claims. See, e.g., White Sands Grp., 998 So.2d at 1058.
III.
McCullough further argues that the trial court erred in denying his motion for a jury trial. We note, however, that, on February 22, 2017, the trial court granted his motion for a jury trial. Therefore, we find no error on this point.
IV.
McCullough also argues that the trial court erred in converting his motion for a declaratory judgment into an amended complaint. This court's previous opinion, however, concluded that the motion for a declaratory judgment was properly construed as an amended complaint. McCullough, 219 So.3d at 659. We maintain that our decision was correct; in any case, that decision is the law of the case. See, e.g., United Fire Ins. Co. v. Purma, 792 So.2d 1092, 1094 (Ala. 2001). Therefore, we can find no error on this point.
V.
McCullough's final argument is that the trial court erred by denying his motion to compel Allstate to respond to his discovery requests and by failing to postpone the summary-judgment proceedings in response to his affidavit filed pursuant to Rule 56(f). Because we have concluded that there is a genuine issue of material fact and that the entry of the summary judgment on his fraudulent-inducement and fraudulent-misrepresentation claims was not proper, we pretermit discussion of the merits regarding the Rule 56(f) affidavit.
With regard to the motion to compel discovery, McCullough argues that the trial court erred by not requiring Allstate to respond to his discovery requests relating to Allstate's claims processing and its insurance-reporting contracts with CLUE and A-PLUS. Allstate argued to the trial court that the information McCullough was seeking was irrelevant because the release barred McCullough's claims; the trial court concluded that the discovery was not "probative of the dispositive issues before the Court."
" Rule 26 [, Ala. R. Civ. P.,] plainly indicates that discovery is not limited to matters competent as evidence at trial. 'Relevancy,' as used in our discovery rules, means relevant to the subject matter of the action; evidence is relevant if it affords a reasonable possibility that the information sought will lead to other evidence that will be admissible. Ex parte Dorsey Trailers, [397 So.2d 98 (Ala. 1981) ] ; Drew[e]s v. Bank of Wadley, 350 So.2d 402 (Ala. 1977) ; 8 Wright and Miller, Federal Practice and Procedure § 2008 (1970)."
Plitt v. Griggs, 585 So.2d 1317, 1321 (Ala. 1991).
Based on our determination that McCullough's fraudulent-inducement and fraudulent-misrepresentation claims were not barred as a matter of law, we reverse the trial court's judgment insofar as it denied McCullough's motion to compel and remand *112 this cause with instructions for the trial court to reconsider the motion to compel in light of this opinion.
To the extent McCullough argues that the trial court erred in striking his interrogatories directed to Allstate's attorney, we note that he has not cited any rule or legal authority providing that he may propound interrogatories to an attorney as opposed to a party to the lawsuit. Therefore, we decline to address his argument on this point. See Rule 28(a)(10), Ala. R. App. P.
Conclusion
Based on the foregoing, we reverse the trial court's summary judgment in favor of Allstate regarding the claims alleging fraudulent inducement and fraudulent misrepresentation. We also reverse the trial court's judgment to the extent that it denied McCullough's motion to compel discovery. We affirm the trial court's summary judgment in favor of Allstate on the remaining claims asserted by McCullough and the trial court's denial of McCullough's motion for a partial summary judgment. In light of our disposition of the issues concerning the summary-judgment motions, we pretermit discussion of the trial court's rulings on the motion to strike Harmon's Rule 56(c) affidavit and the motion to strike McCullough's Rule 56(c) affidavit. We remand this cause for further proceedings in accordance with this opinion.
APPLICATION GRANTED; OPINION OF OCTOBER 27, 2017, WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
Thompson, P.J., and Pittman, Thomas, and Donaldson, JJ., concur.

CLUE and A-PLUS are service providers that issue reports containing information received from automobile- and property-insurance carriers regarding claims made by consumers on their automobile- and property-insurance policies.

"[An] appeal from a pretrial final judgment disposing of all claims in the case (as distinguished from a Rule 54(b)[, Ala. R. Civ. P.,] summary judgment disposing of fewer than all claims) entitles the [appellant] ... to raise issues based upon the trial court's adverse rulings, including the denial of its summary-judgment motions. See Ala. R. App. P. 4(a)(1)." Lloyd Noland Found., Inc. v. City of Fairfield Healthcare Auth., 837 So.2d 253, 263 (Ala. 2002).